IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAREN JAYNE NORDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-1007-MHT |
| | ) | |
| MONTGOMERY ALABAMA POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING HEARING FOR PRE-SERVICE REVIEW OF COMPLAINT**

For good cause, it is **ORDERED** that the *pro se* plaintiff, Karen Jayne Nordell, appear

at **10:00 a.m. on December 14, 2007** for a hearing pursuant to 28 U.S.C. § 1915(e), made

necessary because a preliminary review of the Complaint discloses deficiencies with respect

to, *inter alia*, (1) the basis of a cognizable cause of action against each named defendant and

(2) persons being sued who may be immune from suit.  The conference shall be heard in

District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One

Church Street, Montgomery, Alabama.

Plaintiff shall be prepared to discuss her claims and evidentiary support sufficiently

for the court to decide if she should be given an opportunity to file an amended complaint.

**Plaintiff's attendance at this hearing is mandatory, and failure to attend shall result in**

**a recommendation that this action be dismissed.**

The Plaintiff is advised:

Page 1 of  4

(1)    The privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or misguided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

(2)    Rule 8(a), Federal Rules of Civil Procedure, requires a plaintiff to provide "a short and plain statement of the claim showing that he is entitled to relief." Thus, the Complaint must include a concise statement of the acts or omissions– as well as pertinent dates and places for any relevant occurrences– of <u>each named defendant</u> who is alleged to have violated any federal constitutional or statutory rights, together with a concise summary of the manner in which the named defendant accomplished the alleged violations.

(3)    *Pro se* litigants permitted to file a federal court lawsuit without prepayment of filing fees are subject to 28 U.S.C.§ 1915(e)(2), which authorizes dismissal of the case at any time if the court determines (A) that the allegation of poverty is untrue, or (B) that the action ( I ) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief.

(4)    *Pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,– (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

***A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting*** "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(5)    Pro se plaintiffs in civil actions are not entitled to appointment of counsel for legal representation, and this court has no available funds or authorization to make any such

appointments.  This court cannot and will not act as counsel for the Plaintiff. *Plaintiff is encouraged to seek consultations  – which may be available without cost – with competent lawyers about the merits of this action*, and he is directed to the Alabama State Bar and to the Montgomery County Bar Association for any assistance needed in locating such lawyers.

**It is further ORDERED** that a court reporter be made available for this pre-service review.

DONE this 29th day of November, 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE