IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAREN JAYNE NORDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-1007-MHT |
| | ) | |
| MONTGOMERY ALABAMA POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed November 27, 2007). By Order filed November 29, 2007, the Magistrate Judge granted permission for Karen Jayne Nordell to proceed *in forma pauperis*, but stayed further proceedings on her Complaint filed November 16, 2007 pending review and a hearing pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## I. PARTIES AND COMPLAINT

Plaintiff Karen Jayne Nordell ("Nordell" or "Plaintiff") is a resident of Troy in Pike County, Alabama which is located within the Middle District of Alabama. On November 16,

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2007, Nordell initiated this action by filing a Complaint and several motions.  The Court

denied Plaintiff's request to appoint counsel, but granted her motion to proceed *in forma*

*pauperis*.  *See* Docs. 4-5.  Further, the Court set a hearing on Nordell's complaint because

her handwritten complaint is mostly illegible.  *See* Docs. 6, 9.  The Court held the hearing

on January 11, 2008.  The gist of Nordell's allegations - as best can be discerned from

verbiage which lacks clarity, to be charitable - is a complaint that Defendants wrongfully

evicted Nordell and are participating in an ongoing conspiracy to deprive her of

constitutional rights.  Nordell lists a number of defendants including the Montgomery

Alabama Police Department ("MPD"), former President George Bush ("former President

Bush"), the Federal Bureau of Investigation ("FBI"), Alabama Police Officer H.G. Wells

("Officer Wells"), United States Senator Richard Shelby ("Senator Shelby"),[2] Terence

McCutchin ("McCutchin"), CIA Supervisor John Gozdinovich ("Gozdinovich"), Calvin

Depucci ("Depucci"),[3] former United States Attorney Doug Jones ("Jones"), former

Massachusetts' Governor William Weld ("Governor Weld"),  the United States Secret

Service ("Secret Service"), former Assistant United States Attorney Carole Pritchard[4]

---

[2]    While Senator Shelby is mentioned by name, there are no specific allegations against him other than "[he] is just as corrupt as his best friend, former Pres. George Bush." *See* Doc. 1 at p. 7, #5.

[3]    Nordell claims Depucci is an employee of "Raytheon Defense Contractor" in Andover, Massachusetts . *See* Doc. 1 at p. 7.

[4]    Nordell names as a defendant Carole Pritchard, a former United States Attorney with the Birmingham, Alabama office.  However, the office in Birmingham had no such attorney.  However, they did employ Caryl Privett from 1995-1998.  The Court shall address the claims against Carole Pritchard/Caryl Privett later in Section II(F).

("Pritchard"), FBI analyst Greene ("Greene"), Probate Judge Reese McKinney ("Judge McKinney"), FBI Director Robert Mueller ("Director Mueller"), FBI Agent Alton Sizemore ("Agent Sizemore"), FBI Agent Tom Mahill ("Agent Mahill"), FBI Agent Barry Dupree ("Agent Dupree"), FBI Agent Dave Espy ("Agent Espy"), and Montgomery Alabama Municipal Jail Guards including  jail guards Green and A.C. Heard ("Jail Guards").[5]

The Complaint alleges the various defendants violated certain constitutional rights. Specifically, Nordell alleges the following: (1) Officer Wells, on orders of former President Bush, evicted her from the Capital Inn Motel in Montgomery, Alabama on November 17, 2005; (2)  Officer Wells, on orders of former President Bush, evicted her from the Salvation Army Homeless Shelter on November 21, 2005; (3) Officer Wells unlawfully arrested her for trespassing; (4) after her arrest, Officer Wells would not let Nordell use the telephone and put her in a tank cell;[6] (5) she was moved to a normal cell on November 22, 2005, but the Jail Guards turned off the water to her cell; (6) the Jail Guards held her incommunicado for eighty days and she had to get water from other inmates; (7) the Jail Guards put her in the tank cell three separate times; (8) on four separate occasions she was not provided breakfast; (9) MPD threw out five bags of clothes Nordell had at her arrest; (10) the Jail Guards admitted they were paid off by the other defendants; (11) former President Bush is a friend

---

[5]     The Court has listed a full and complete list of the defendants named in the Complaint.  The Court, as best it could, attempted to discern the correct name and spelling of each individual; however, absent a clear finding of spelling error, the Court left the names as they are provided in the Complaint.

[6]     Nordell describes a tank cell as a cell with a concrete floor, no bunk or mattress, no blankets, no toilet or toiler paper, and no sink.

of Nordell's ex-boyfriend McCutchin; (12) McCutchin is involved in ongoing espionage with his CIA supervisor Gozdinovich and friend Depucci;[7] (13) former President Bush instructed the CIA secretaries not to accept her telephone calls regarding her complaints against McCutchin and Gozdinovich; (14) Jail Guard Heard filed involuntary commitment papers against Nordell, and Judge McKinney wrongfully granted them after holding a hearing without notifying her; (15) On February 2, 2006, Nordell was wrongfully committed to Greil Hospital[8] by multiple defendants; (16) Director Mueller covered up her claims even though she passed a lie detector test; (17) Director Mueller, Agents Sizemore, Mahill and Dupree[9] are also responsible for her two evictions, false arrest, the conditions of her confinement, and her involuntary commitment; (18) Agent Espy[10] and Greene covered up her complaints; (19) former Governor Weld, Jones, and Pritchard (as former United States Attorneys) also covered up Nordell's complaints; (20) the Secret Service was instructed by former President Bush to destroy Nordell's credibility and cover up the ongoing injustices; and (21) all defendants are responsible for Nordell's two unlawful evictions, unlawful arrests, and the conditions of her confinement. *See* Doc. 1, Complaint.

---

[7]    Nordell makes it clear she is not suing the Central Intelligence Agency, but rather these persons individually. *See* Doc. 1, p. 7 at # 6-7-8.

[8]    The Court notes the proper name is Greil Memorial Psychiatric Hospital ("Greil Hospital").  It is a facility of the Alabama Department of Mental Health and Mental Retardation.

[9]    Nordell states all three agents are either in the Birmingham or Montgomery, Alabama offices of the FBI.

[10]    Nordell asserts Agent Espy is in the Boston, Massachusetts office of the FBI.

Nordell seeks as relief the following: (1) a $20 million dollar judgment against the MPD and the Jail Guards; (2) a $20 million dollar judgment against former President Bush; (3) a $50 million dollar judgment against the FBI; (4) a $20 million dollar judgment against Senator Shelby; (5) a $20 million dollar judgment against McCutchin; (6) a $20 million dollar judgment against Gozdinovich; (7) a $20 million dollar judgment against Jones; (8) a $20 million dollar judgment against former Governor Weld; (9) a $50 million dollar judgment against the Secret Service; (10) jail time for all the defendants; (11) a closure of all tank cells; (12) a $20 million dollar judgment against Pritchard; and (13) a $20 million dollar judgment against Greene. *See* Doc. 1 at p. 2.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id.* (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be

granted. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*).  At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).  A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process).  Moreover, a claim is clearly baseless and due dismissal when the allegations are "fanciful," "fantastic," and "delusional." *Denton*, 504 U.S. at 32-33, 112 S.Ct. at 1733 (citations omitted).  Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[11]

The complaint filed by Nordell satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees.  However, the court is of

---

[11]     *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

the view, that part of the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (iii).

## A.  Injunctive Relief

Nordell requests injunctive relief when she asks the Court to "close all the 4 tank cells at the Montgomery Alabama Municipal City Jail."  *See* Doc. 1 at p. 2.  However, the request is moot if no case or controversy exists for the Court to resolve - i.e. "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Bekier v. Bekier*, 248 F.3d 1051, 1054 (11th Cir. 2001) (quoting *Reich v. Occupational Safety & Health Review Comm.*, 102 F.2d 1200, 1201 (11th Cir. 1997)).  An inmate's request for injunctive and declaratory relief in a section 1983 and *Bivens* action fails to present a case or controversy if the inmate is no longer confined in the facility at issue.  *See Spears v. Thigpin*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding § 1983 claims for injunctive and declaratory relief regarding treatment at a facility at which prisoner was no longer incarcerated were moot); *see also Asad v. Crosby*, 158 Fed. Appx. 166, n.2 (11th Cir. 2005) (unpublished opinion) (transferred inmate cannot maintain his claims for injunctive relief); *Kellerman v. Askew*, 541 F.2d 1089, 1090 n.1 (5th Cir. 1976) (prisoner's motion for equitable relief deemed moot to his having been paroled).  Therefore, Nordell's claims for injunctive relief are due dismissal.

## B.  "Jail Time"

Nordell also requests "jail time for the Defendants."  *See* Doc. 1 at p. 2.  The Court interprets this as a request for criminal prosecution and sanctions.  However, a "private citizen

lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n. 13, 125 S.Ct. 2796, 2809, 162 L.Ed.2d 658 (2005) (quoting *Linda R. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *Leeke v. Timmerman*, 454 U.S. 83, 85-86, 102 S.Ct. 69, 70, 70 L.Ed.2d 65 (1981); *see also Davit v. Davit*, 173 Fed. Appx. 515 (7th Cir. 2006) (unpublished opinion) ( "A private individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual [herself].").  Thus, the claim is without legal merit and warrants dismissal.

### C.  Montgomery Police Department

Nordell brings claims against the Montgomery Police Department.  Under Alabama law, the MPD is not a legal entity subject to suit or liability.  *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  For this reason, all claims in Nordell's Complaint against the Montgomery Police Department merit dismissal before service on Defendants pursuant to § 1915(e)(2)(i)-(iii).

### D.  Former President George Bush, Calvin Depucci, former Governor Weld, and former United States Attorney Doug Jones

In the interest of justice, the Court shall construe Nordell's complaint as one seeking relief under both 42 U.S.C § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  Moreover, because claims under 42 U.S.C. § 1983 and *Bivens* are so similar, courts generally apply § 1983 law to *Bivens* cases.  *See Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987); *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310

n. 8 (M.D. Ala. 2001) (citations omitted); *O'Brien v. United States*, 137 Fed. Appx. 295, 299 (11th Cir. 2005) (unpublished opinion) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)).   As a result, the Court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.

To obtain relief under § 1983, Nordell must show she was deprived of a federal right by a person acting under color of state law.  *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).  The Supreme Court has reiterated this requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original); *see also West v. Atkins*, 487 U.S. 42, 48-49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (United States Supreme Court reiterates two prong requirement).  Moreover, the same is true to claim relief under *Bivens*.  Under *Bivens*, a "plaintiff must show that he or she was deprived of a federal right by a person acting under color of federal law." *O'Brien*, 137 Fed. Appx. 295 (citations omitted).  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006) (citing *Pinellas*).  Further, "only in rare circumstances can a private party be viewed as a "state actor"

for § 1983 purposes." *Weaver*, 442 F.Supp.2d at 1223 (citations omitted).

For individuals such as former President Bush, former Massachusetts Governor Weld, former United States Attorney Doug Jones, and Calvin Depucci to qualify as "state actors" under § 1983 and *Bivens*, one of the following three tests must be satisfied:

(1)     "State Compulsion Test" wherein the state has coerced or significantly encouraged the violative conduct;

(2)     "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and

(3)     "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

*Weaver*, 442 F.Supp.2d at 1223 (citing *Rayburn*, 241 F.3d at 1347 and *Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004)); *Campbell*, 131 F.Supp.2d at 1310-11 (applying 3 tests for § 1983 and *Bivens* claims).  The application of these three tests patently establish these individuals were not state or federal actors.

Under the "State Compulsion Test," there is absolutely no evidence any government official of any kind did anything to coerce or encourage former President Bush, former Massachusetts Governor Weld, Doug Jones, and Calvin Depucci to act in some kind of conspiracy against Nordell.  While former President Bush, Govenor Weld, and Doug Jones may have in the past held positions in the state and federal government, at the time of the

alleged wrongdoings in 2005-2006 they were clearly private citizens.[12]

The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally the exclusive prerogative of the State." *Weaver*, 442 F.Supp.2d at 1224 (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992)); *see also Campbell*, 131 F.Supp.2d at 1311 (same). Nothing indicates former President Bush, Governor Weld, Jones, or Depucci have been given powers or are performing functions that generally belong to the state or federal government. As such, the Public Function Test is not met.

Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Rayburn*, 241 F.3d at 1348 (citations omitted). While Nordell does make the same allegations against various individuals as she does against certain governmental entities, she does not establish any kind of symbiotic relationship between them. Moreover, Nordell's conclusory allegations and unwarranted factual deductions are insufficient. *Martinez v. United States*, 192 Fed. Appx. 839, 840 (11th Cir. 2006) (unpublished opinion) (The Eleventh Circuit provides a court may properly dismiss a complaint that is based on conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts even when evaluating it under 28 U.S.C. § 1915(e)(2)(B)). Consequently, Nordell fails to meet the Nexus/Joint Action Test.

---

[12] The Court takes judicial notice of the following facts. Former President Bush was involved in the federal government starting in 1966, became vice president of the United States from 1981-1989, and president from 1989-1993. Governor William Weld was governor of Massachusetts from 1991-1997. Former United States Attorney Doug Jones was the United States Attorney for the Northern District of Alabama from 1997-2001.

As Nordell did not satisfy any of the three tests, she has not established former President Bush, Governor Weld, Doug Jones, and Calvin Depucci were state or federal actors. Thus, Nordell has no claim under § 1983 or *Bivins*.  Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33, 112 S.Ct. at 1733.  Nordell's complaint against these individuals is a paradigm of such a case and the claims merit dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### E.  Judge McKinney

Reese McKinney ("Judge McKinney") is a probate judge in Montgomery County, Alabama.  Judge McKinney is entitled to absolute immunity from suit under 42 U.S.C. § 1983.  *See Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under § 1983).  Moreover, the 11th Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments.  *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  The Court should not question whether civil incarceration was appropriate, but rather whether civil incarceration is a judicial activity.  *Id.* at 1071.  It is clear Judge McKinney's actions in probate court relating to the civil commitment of Plaintiff are judicial acts.  As one acting in his judicial capacity, Judge McKinney is entitled to judicial immunity.  *Id.*  As such, Plaintiff's claims are due dismissal under 28 U.S.C. § 1915(e)(2)(B).

### F.  Carole Prichard

In her complaint, Nordell names as a defendant former United States Attorney Carole Pritchard in Birmingham, Alabama.  According to the Birmingham United States Attorney's office, there has not been a Carole Pritchard employed as a United States Attorney or assistant United States Attorney.  Caryl Privett ("Judge Privett") was employed in the Northern District of Alabama as an Assistant United States Attorney from 1995-1998.  Judge Privett left the United States Attorney's office in 1998 and was in private practice from 1998-2003.  Judge Privett became a Circuit Judge for Jefferson County in January 2003.[13]

To the extent Nordell's claims are against "Caryl Privett," Judge Privett was no longer part of the United States Attorney's office in 2005-2006 and thus cannot be considered a federal actor.  Thus, Nordell's *Bivens* claims against Judge Privett must be dismissed.  With regard to the § 1983 claims, to prove a § 1983 conspiracy a plaintiff "must show that the parties 'reached an understanding' to deny the plaintiff his or her rights . . . [and] prove an actionable wrong to support the conspiracy." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990).  In other words, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).  Merely conclusory, vague, and general allegations of conspiracy are not sufficient. *Fullman*, 739 F.2d at 556-57; *see Martinez*, 192

---

[13]     Ms. Privett's information biography was obtained from the State of Alabama's Unified Judicial System at http://10jc.alacourt.gov/CPP.html

Fed. Appx. At 840.  "It is not enough to simply aver in the complaint that such a conspiracy existed."  *Fullman*, 739 F.2d at 557.  In her claims, Nordell alleges the following: "former corrupt US Attorney Carole Pritchard - Birmingham Alabama - she covered up my complaints before I took my lie detector test and passed."  *See* Doc. 1 at p. 8.  Such a vague assertion of a § 1983 complaint is insufficient to prevent dismissal, thus Nordell's complaints against "Caryl Privett" are to be dismissed.

To the extent Nordell's claims are against "Carole Pritchard," as with former President Bush, Governor Weld, Jones, McCutchin, and Depucci they are due dismissal.  § 1983 and *Bivens* claims require governmental action, and Nordell has not established Pritchard is a governmental official as required under § 1983 and *Bivens* nor has she satisfied the State Compulsion Test, the Public Function Test, or the Nexus/Joint Action Test.  Therefore, he claims against "Carole Pritchard" would also be dismissed.

### G.  Federal Bureau of Investigation

Nordell names as a defendant the Federal Bureau of Investigation ("FBI").[14]  Congress has not authorized in explicit language that the FBI can be sued in its own name.  *See* 28 U.S.C. §§ 531-540 (statutes governing the FBI); *see also Frazier v. F.B.I.*, 901 F.Supp. 217, 219 (E.D. La. 1995) (no specific statutory authority for suing the FBI in its own name).  Ordinarily, a plaintiff should be allowed to amend the complaint to substitute the proper party

_____

[14]    This section is only applicable to the Federal Bureau of Investigation and not the individually named agents.  Analysis pertaining to the individual agents shall be addressed in Section II(K).

as a defendant unless such an amendment would be futile. *See, e.g., Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir. 1986) (district court denied leave to amend because the amendment would still fail to state a claim). In this instance, to substitute the United States in place of the FBI amounts to an exercise in futility. The FBI is an agency of the United States. The United States, including its agencies, are absolutely immune from suit unless the United States consents to waive the immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). "It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (considering §§ 1981 and 1982). Moreover, "[w]ith respect to § 1983, the statute has no application to the actions of the federal government or its officers acting under color of federal law, but is instead confined to deprivations under color of state law." *Nicholson v. Johanns*, 511 F.Supp.2d 1193, 1195 (S.D. Ala. 2007) (citations omitted). Therefore, the federal government has not waived sovereign immunity since "§ 1983 on its face does not and cannot apply to the actions of the federal government." *Id*. To the extent Nordell attempts to assert claims under *Bivens*, "the United States is immune to suit for damages based on the Constitution under a *Biven's* theory." *Manstream v. United States Dept. of Agriculture*, 649 F.Supp. 874, 883 (M.D. Ala. 1986) (citations omitted). As a result, the claims against the FBI (i.e. the United States) warrant dismissal.

## H.  United States Secret Service

Nordell fails to name any individual who acted on behalf of the Secret Service. As a result, her claims under § 1983 and *Bivens* must rest upon a theory of *respondeat superior*. The law is well settled that a defendant cannot be held liable in an action brought pursuant to § 1983 and *Bivens* under the theory of *respondeat superior*.  *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). Indeed, § 1983 and *Bivens* require proof of personal involvement by a specific government official.  Nordell presents no allegations much less proof that any Secret Service employees were involved in any action against her.  As with the FBI, the Secret Service is an agency of the United States which is immune from suit under § 1983 and *Bivens*.  Consequently, her claims against the Secret Service fail.

## I.  United States Senator Richard Shelby

Nordell's complaint does not specify whether she sues Senator Richard Shelby ("Senator Shelby") in his individual or official capacity.  Nordell makes no specific allegations against Senator Shelby except to state "Corrupt U.S. Senator Richard Shelby of Alabama who is just as corrupt as his best friend - former Pres. George Bush (Pres from Jan 20, 1989 - Jan 20 1993)" and that she seeks a twenty million dollar judgment against him. *See* Doc. 1 at p. 2 and 7.  With regard to any *Bivens* claims against Senator Shelby in his individual capacity, Nordell does not identify Senator Shelby as being personally present at her evictions or at her alleged mistreatment at the jail or mental facility.  Nor does she show

any kind of personal or supervisory involvement in any of her allegations. Without more, the Complaint does not state a claim against Senator Shelby in his individual capacity. Beyond her simple statement of corruption, Nordell does not provide any specific link between Senator Shelby and the alleged conspiracy. As such, any claims against Senator Shelby in his individual capacity fail.

Nordell's *Bivens* claims against Senator Shelby in his official capacity fail as well because Senator Shelby cannot be held liable under the theory of *respondeat superior*. *Dalrymple*, 334 F.3d at 995. As previously noted, *Bivens* requires proof of personal involvement by a specific government official. Moreover, a complaint must allege the relevant facts "with some specificity." *Id*. at 996 (quoting *GJR Investments*, 132 F.3d at 1367); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 1596-97, 140 L.Ed.2d 759 (1998) ("[A] court may insist that the plaintiff put forward 'specific, nonconclusory factual allegations...'"). Nordell provides no details relating to Senator Shelby. Further, to permit a claim against Senator Shelby in his official capacity would, in essence, permit a claim against the governmental office. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (addressing § 1983). It has already been established the United States is immune to suit for damages based on the Constitution under a *Biven's* theory. *Manstream*, 649 F.Supp. at 883. As such, Nordell's *Bivens* claims against Senator Shelby fail as a matter of law.

A § 1983 claim against Senator Shelby likewise fails since he is a federal congressman,

not a state government official as required under § 1983. *See Nicholson*, 511 F.Supp.2d at 1195. Further, Nordell did not satisfy the State Compulsion Test, the Public Function Test, or the Nexus/Joint Action Test to establish Senator Shelby was in essence acting on behalf of the state. As a result, any § 1983 claims against Senator Shelby fail.

### J. CIA Supervisor John Gozdinovich and Terence McCutchin

Nordell asserts claims against CIA Supervisor John Gozdinovich ("Gozdinovich") and seeks a twenty million dollar judgment against him. *See* Doc. 1 at p. 2, 5, and 7. She also makes claims against Terence McCutchin - her ex-boyfriend and an alleged part-time employee of the CIA. *Id*. Nordell seeks a twenty million dollar judgment against McCutchin as well. *Id*. at p. 2. Nordell claims Gozdinovich, McCutchin, and Depucci are "involved in ongoing espionage for the longer time." *Id*. at p. 7. Further, Nordell makes it clear she is not suing the CIA, but rather is suing Gozdinovich and McCutchin individually - along with Depucci. *Id*. This Court has already addressed the claims against Depucci and will now turn to the claims against Gozdinovich and McCutchin.

Nordell complains that Gozdinovich and McCutchin are involved in an ongoing espionage scheme which the CIA is not investigating. *Id*. at p. 5 and 7. From the allegations in her Complaint, the Court concludes Nordell seeks either (1) for the Court to compel an investigation into these individuals or (2) direct damages for the alleged espionage scheme against the United States. Either way, Nordell does not allege a cognizable claim and her claims against Gozdinovich and McCutchin fail.

If Nordell seeks to compel an investigation, as previously noted, a "private citizen

lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Town*

*of Castle Rock*, 545 U.S. at 767 n. 13, 125 S.Ct. at 2809 (quoting *Linda R.*, 410 U.S. at 619,

93 S.Ct. at 1149; *Leeke v. Timmerman*, 454 U.S. at 85-86, 102 S.Ct. at 70); *see also Otero v.*

*United States Attorney General*, 832 F.2d 141 (11th Cir. 1987) (affirming the dismissal of an

action seeking the writ of mandamus to require defendants to investigate and prosecute a

former Florida State Attorney); *cf. Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (finding

there is no constitutional right to a grievance system); *Flick v. Alba*, 932 F.2d 728, 729 (8th

Cir. 1991) (same).

If Nordell seeks damages for the alleged espionage scheme, she lacks standing to bring

such a claim.  The "requirement that a litigant have standing to invoke the authority of a

federal court 'is an essential and unchanging part of the case-or-controversy requirement of

Article III [of the United States Constitution].'" *DaimlerChrysler Corp. v. Cuno*, 547 U.S.

332, 126 S.Ct. 1854, 1861, 164 L.Ed.2d 589 (2006) (quoting *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  "[The] standing doctrine

embraces several judicially imposed limits on the exercise of federal jurisdiction, such as the

general prohibition on a litigant's raising another person's legal rights, the rule barring

adjudications of generalized grievances...and the requirement that a plaintiff's complaint fall

within the zone of interests protected by the law invoked." *Allen v. Wright*, 468 U.S. 737,

751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (citing *Valley Forge Christian College v.*

*Americans United for Separation of Church and State, Inc.* , 454 U.S. 464, 474-75, 102 S.Ct. 752, 759-60, 70 L.Ed.2d 700 (1982)).  Specifically, the plaintiff must allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler*, 126 S.Ct. at 1861. (quoting *Allen*, 468 U.S. at 751, 104 S.Ct. at 3324).  The United States Supreme Court "has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Whitmore v. Arkansas*, 495 U.S. 149, 160, 110 S.Ct. 1717, 1725-26, 109 L.Ed.2d 135 (1990) (quoting *Allen*, 468 U.S. at 754, 104 S.Ct. at 3326). Nordell alleges an espionage scheme against the United States exists between Gozdinovich, McCutchin, and Depucci.  Yet, Nordell cannot bring a claim for such a scheme as the injured party would the United States, and she cannot bring suit on behalf of the United States. Without further standing Nordell cannot sue for the alleged espionage scheme, ergo the these claims against McCutchin and Gozdinovich fail.

Nordell generally alleges all defendants are responsible for her two unlawful evictions, unlawful arrests, and the conditions of her confinement. *See* Doc. 1 at p. 8.  If so, it appears Nordell also asserts her § 1983 and *Bivens* claims against Gozdinovich and McCutchin in their individual capacities.  As to Nordell's § 1983 and *Bivens* claims, Nordell does not identify Gozdinovich or McCutchin as being personally present at her evictions or at her alleged mistreatment at the jail or mental facility.  Nor does she demonstrate any kind of personal or supervisory involvement by Gozdinovich or McCutchin in any of her allegations.  Without

more, the Complaint does not state a claim against Gozdinovich and McCutchin in their individual capacities and therefore must be dismissed.

### K.  FBI Director Robert Mueller, Agent Alton Sizemore, Agent Tom Mahill Agent Barry Dupree, and Agent Dave Espy

As with Senator Shelby, Nordell's complaint does not specify whether she sues FBI Director Robert Mueller ("Director Mueller") and the named FBI agents (collectively "FBI Agents") in their individual or official capacities.  Nordell specifically alleges Director Mueller covered up her complaints despite her passing a lie detector test, and he is also responsible for Nordell's evictions, false arrest, imprisonment, the conditions of her imprisonment, and her involuntary commitment to Greil Hospital. *See* Doc. 1 at p. 6.  Nordell states Agents Sizemore, Mahill, and Dupree "also did the same as FBI Director Mueller" and Agent Espy "covered up [her] very meritorious on-going espionage and political corruption complaint." *Id*.  Nordell does not request a specific judgment against Director Mueller or the four named FBI agents.

To the extent Nordell asserts Director Mueller,  Agent Sizemore, Agent Mahill, Agent Dupree, and Agent Espy did not investigate her complaints, as this Court previously noted there is no constitutional right to a grievance system and Nordell cannot compel the prosecution of another party.  Thus, the claim fails.

With regard to any *Bivens* claims against Director Mueller and the FBI Agents in their individual capacities, Nordell does not identify them as being personally present at her

evictions or at her alleged mistreatment at the jail or mental facility.  Additionally, she does not show any kind of personal or supervisory involvement in any of her allegations.  Absent further evidence, the Complaint does not state a claim against Director Mueller or the FBI Agents in their individual capacities.  As with Senator Shelby, besides her conclusory statements, Nordell does not provide any specificity about how Director Mueller, Agent Sizemore, Agent Mahill, Agent Dupree, or Agent Espy might be involved in the alleged conspiracy.  As such, any claims against them in their individual capacities fail.

As to any *Bivens* claims against Director Mueller and the FBI Agents in their official capacities, they cannot be held liable under the theory of *respondeat superior*.  *Dalrymple*, 334 F.3d at 995.  Again, *Bivens* requires proof of personal involvement by a specific government official.  Moreover, a complaint must allege the relevant facts "with some specificity."  *Id*. at 996 (quoting *GJR Investments*, 132 F.3d at 1367).  Nordell has not provided any details relating to Director Mueller or the FBI Agents.  In addition, any claims against Director Mueller or the FBI Agents in their official capacities would be, in actuality, claims against the FBI.  *See, e.g. Leonard v. Rumsfeld*, 146 F.Supp.2d 1227, 1230-31 (M.D. Ala. 2001) (cannot maintain *Bivens* claims against federal employees in their official capacity); *Daniel v. United States*, 891 F.Supp. 600, 603 (N.D. Ga. 1995) (citations omitted) (plaintiff's claims against individual defendants in their official capacities are really against the United States).  The United States is immune to suit for damages based on the Constitution under a *Biven's* theory.  *Manstream*, 649 F.Supp. at 883.  Consequently, Nordell's *Bivens*

claims against Director Mueller, Agent Sizemore, Agent Mahill, Agent Dupree, and Agent Espy in their official capacities fail as a matter of law.

To the extent Nordell asserts a § 1983 claim against Director Mueller and the FBI Agents, as federal officers they are not classified as state government officials as required under § 1983. *See Nicholson*, 511 F.Supp.2d at 1195. Further, Nordell fails to satisfy the State Compulsion Test, the Public Function Test, or the Nexus/Joint Action Test. As a result, any § 1983 claim against Director Mueller, Agent Sizemore, Agent Mahill, Agent Dupree, and Agent Espy also fail.

## L. FBI Analyst Greene

Nordell also makes a general allegation against FBI Analyst "Ms. Greene" (hereinafter "Greene"). *See* Doc. 1 at p. 8. Nordell asserts "Birmingham FBI employee - corrupt Investigative Analyst Ms. Greene - covered up my complaints before I passed my lie detector tests." *Id*. Nordell also makes the blanket assertion that all defendants are responsible for her two evictions, false arrest, and the conditions of her confinement. *Id.* Nordell seeks a twenty million dollar judgment against Greene. *Id*. at p. 2.

As with Director Mueller and the FBI Agents, the claims against Greene fail as a matter of law. Nordell cannot compel an investigation by the federal government and thus, any claims that Greene failed to investigate Nordell's claims must likewise fail. Next, Nordell cannot sustain a *Bivens* claim against Greene in her individual capacity as she has not identified Greene as being personally present at her evictions or at her alleged mistreatment

at the jail or mental facility nor does she show any kind of personal or supervisory involvement. Aside from her conclusory statements, Nordell does not state with any specificity how Greene might be involved in this alleged conspiracy against Nordell.

The *Bivens* claim against Greene requires proof of personal involvement by the specific government official. Moreover, a complaint must allege the relevant facts "with some specificity." *Id*. at 996 (quoting *GJR Investments*, 132 F.3d at 1367). Nordell has not provided any details about Greene except the allegation that she is "corrupt" and covered up Nordell's complaints. Such barebones claims do not rise to the level of a constitutional deprivation. Furthermore, any claims against Greene in her official capacity would be claims against the FBI. *See, e.g. Leonard*, 146 F.Supp.2d at 1230-31. Once again, the United States is immune to suit for damages based on the Constitution under a *Biven's* theory. *Manstream*, 649 F.Supp. at 883. Consequently, Nordell's *Bivens* claims against Greene in her official capacity fail and merits dismissal under 28 U.S.C. § 1915(e)(2)(B).

Any § 1983 claims against Greene must also fail because as a federal employee she is not a state official as required under § 1983. *See Nicholson*, 511 F.Supp.2d at 1195. Nordell cannot meet the State Compulsion Test, the Public Function Test, or the Nexus/Joint Action Test. Therefore, any § 1983 claims against Greene must likewise fail.

## III. REMAINING CLAIMS AND DEFENDANTS

The Defendants that remain are Montgomery, Alabama Police Officer H.G. Wells and the Montgomery, Alabama Municipal Jail Guards including A.C. Heard and Green. Service

should be affected on these defendants.  The claims that survive are the allegations pertaining to the events leading to Nordell's arrest, the allegation of false arrest, and the allegations relating to the conditions of her confinement.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)     Plaintiff's claims for injunctive relief - i.e. her request that the Court close down all the tank cells at the Montgomery, Alabama Municipal City Jail - be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii);

(2)     Plaintiff's claims for "jail time" for all defendants be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

(3)     Plaintiff's claims against Defendant Montgomery Police Department be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(4)     Plaintiff's claims against former President George Bush, Calvin Depucci, former Governor William Weld, former United States Attorney Doug Jones, and Carole Pritchard/Judge Caryl Privett be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

(5)     Plaintiff's claims against the Federal Bureau of Investigation (FBI), the United States Secret Service, Judge Reese McKinney, Senator Richard Shelby, CIA

Supervisor John Gozdinovich, Terence McCutchin, FBI Director Robert Mueller, Agent Alton Sizemore, Agent Tom Mahill, Agent Barry Dupree, Agent Dave Espy, and FBI Analyst Greene be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(6)    The Clerk of Court be **DIRECTED** to serve the Summons, Complaint, a copy of all Orders entered by the Court, and a copy of this Report and Recommendation on Montgomery, Alabama Police Officer H.G. Wells, the Montgomery, Alabama Municipal Jail, Municipal Jail Guard A.C. Heard, and Municipal Jail Guard Green at the addresses provided in Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this Recommendation on or before **February 7, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  **Additionally, any objections must either be typed or printed handwriting legible to the Court.  Any objections that are illegible or otherwise unclear shall be disregarded by the Court**.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of January, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE