**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **KAREN JAYNE NORDELL**, | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | Case No.: 2:07-cv-1007-MHT |
| | ) | |
| | ) | |
| | ) | |
| **H.G. WELLS, et al.,** | ) | |
| | ) | |
| **Defendants**. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**THE CITY OF MONTGOMERY'S MOTION FOR EXTENSION OF TIME**

**COMES NOW** the City of Montgomery, by and through its undersigned counsel, and moves the Court to grant an extension of time for the deadlines in the Scheduling Order issued in this cause and as grounds therefore states as follows:

1.  On March 5, 2008, the Plaintiff, Karen Jayne Nordell, served a Summons in a Civil Action on Alabama Police Officer H.G. Wells, Municipal Jail Guard A.C. Heard, and Municipal Jail Guard Green, which was left at the backdesk at the Montgomery Police Department.

2.  A diligent search of the Montgomery Police Department employment records revealed the following information:

    a.  The Montgomery Police Department has no record of an Officer H.G. Wells having ever been employed with the Montgomery Police Department.

b. The Montgomery Police Department has no record of employment for Municipal Jail Guard "A.C. Heard".

c. The Montgomery Police Department has a record of employment for Municipal Jail Guard Bridgette Green; however, Ms. Green resigned her position at the Municipal Jail in November 2006.

3. Neither Officer H.G. Wells, nor Municipal Jail Guard A.C. Heard were present at the Montgomery Police Department when the Summons was received; namely because they have never been employed with the Montgomery Police Department.

4. Additionally, Municipal Jail Guard Green was not present at the Montgomery Police Department when the Summons was received; namely because she resigned in November 2006. The last known address for Municipal Jail Guard Green is 119 Timberland Drive, Millbrook, Alabama, 36054.

5. Under Fed. R. Civ. P. R. 4, the Plaintiff's service on these individuals was improper.

6. Until service has been perfected on these individuals, the undersigned counsel cannot file an Answer or any Dispositive Motions. The City of Montgomery, through its undersigned counsel, will be glad to file its Answer and any Dispositive Motions once service has been perfected.

**WHEREFORE**, the City of Montgomery prays that this Honorable Court extend all filing deadlines in this action until the Plaintiff properly serves the above named Defendants.

Respectfully submitted this the 1st day of August, 2008.

/s/ Michael D. Boyle
Michael D. Boyle (BOY032)
Assistant City Attorney

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
FAX: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed as follows on this the 1st day of August, 2008:

Karen Jayne Nordell
Senior Therapeutic Health Unit, Room 115
Dale Medical Center
126 Hospital Avenue
Ozark, Alabama 36360

/s/ Michael D. Boyle
OF COUNSEL