IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAREN JAYNE NORDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-1007-MHT |
| | ) | |
| H.G. WELLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Pending before the Court is *The City of Montgomery's Motion for Extension of Time* (Doc. 55, filed August 1, 2008). In the motion, the City of Montgomery asserts proper service has not been affected on the three remaining defendants. The City of Montgomery states it has no records of an H.G. Wells or A.C. Heard having ever been employed by the Montgomery Police Department. *See* Doc. 55 at § 2(a)-(b). As such, service of the complaint cannot be completed by serving the City of Montgomery.

The City of Montgomery has located records for a Bridgette Green, but states she resigned in November 2006. *Id*. at § 2(c). From the allegations, Green is a defendant in both her individual and official capacity. As such, Green has not been properly served in her individual capacity under Fed. R. Civ. P. 4(e). The suit against Green in her official capacity is "simply another way of pleading an action against an entity of which an officer is an agent. Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

As Green was employee of the Municipal Jail until November 2006 and the underlying allegations occurred during her employment with the Montgomery Municipal Jail, service on the City of Montgomery at first glance appears proper.[1]  Therefore, absent a specific showing of insufficient process as to the official capacity allegations, a responsive pleading must be filed by Defendant Green.

Based on the above, the Court **ORDERS** the following:

(1) Plaintiff Karen Nordell show cause **on or before August 25, 2008** why the case against Defendants H.G. Wells and A.C. Heard should not be dismissed for failure to perfect service.

(2) Plaintiff Karen Nordell show cause **on or before August 25, 2008** why the claims against Defendant Green in her individual capacity should not be dismissed for failure to perfect service.

(3) *The City of Montgomery's Motion for Extension of Time* (Doc. 55) is

---

[1] "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir.1980).  While the Court notes the plaintiff ultimately bears the burden of establishing the validity of process on a Rule 12(b)(5) motion to dismiss, the defendants have not asserted a motion to dismiss nor have they raised the issue beyond the conclusory statement that service on all defendants is improper.  An objection to service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986).  While the allegations pertaining to Defendants H.G. Wells and A.C. Heard are specific - i.e. they were never employees of the City of Montgomery - the allegations pertaining to Green in her official capacity are not specific other than to state she was not present at the Montgomery Police Department when service was affected.  Since an official capacity suit is really a suit against the entity, the City of Montgomery has not shown with the requisite specificity how service upon Green in her official capacity is defective.

       **GRANTED in part** and **DENIED in part**. The new deadline for dispositive motions shall be **September 5, 2008** and the new deadline for the settlement conference report shall be **September 19, 2008**. All other deadlines in the Scheduling Order (Doc. 54) remain in full force and effect.

(4)    Defendant Green shall file a responsive pleading to the Amended Complaint relating to the claims against her in her official capacity **on or before August 22, 2008**.

Plaintiff is advised that failure to file any response may be treated as an abandonment of the claims set forth in the complaint. Plaintiff is also reminded of this Court's advice on May 27, 2008, that her lack of representation DOES NOT excuse her from compliance with the orders and rules of this Court for the timely and orderly prosecution of the lawsuit she filed on November 16, 2007. **Failure to follow the requirements of this Order in responding to the Defendant's motion may result in the entry of a final judgment in defendants' favor without any trial.**

The City of Montgomery is advised that "eleventh hour" extension requests and motions are disfavored in this Court and in the future, absent a showing of good cause, will be denied outright.

The Clerk is **DIRECTED** to send this Order to Plaintiff by certified mail. Defendant shall be served the Order by e-mail transmittal.

DONE this 5th day of August, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE