UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN JAYNE NORDELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:07-cv-1007-MHT |
| H.G. WELLS, et al., | ) |
| Defendants. | ) |

### DEFENDANT'S MOTION TO DISMISS AND IN THE ALTERNATIVE ANSWER

**COMES NOW** the Defendant, Municipal Jail Guard Green (Ms. Green), in her official capacity, by and through undersigned counsel, and respectfully moves this Honorable Court to dismiss with prejudice Plaintiff's claims, and as grounds for said motion state unto the Court the following:

1. Plaintiff filed her initial Complaint in this Court on November 16, 2007, which named Ms. Green as a defendant. However, the Plaintiff's initial Complaint did not designate whether she was seeking liability against Ms. Green in her individual capacity or her official capacity.

2. On April 23, 2008, the City of Montgomery filed a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e), which this Court granted. According to this Court's Order, the Plaintiff was required to "file a responsive pleading which articulates the information about . . . Municipal Jail Guard Green. Specifically, Plaintiff should state what her specific grievances against these parties are as well as dates and any other detailed information she has relating to these parties." (Doc. 41). The Plaintiff was required to file this responsive pleading on or before May 9, 2008.

3. The Plaintiff filed her "Specific Grievances Against Defendants" on May 22, 2008. (Doc. 49). In this responsive pleading, the Plaintiff named Ms. Green as a defendant; however, once again, she did not designate whether she was seeking liability against Ms. Green in her individual or official capacity.

4. When a complaint does not identify "'in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed.'" *Adams v. Franklin*, 111 F.Supp.2d 1255, 1262 (M.D. Ala. 2000)(*citing Jackson v. Georgia Dept. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994)).

5. Here the course of the proceedings indicates that the Plaintiff is only seeking liability against Ms. Green in her individual capacity, therefore any claims against Ms. Green in her official capacity are due to be dismissed.

6. Additionally, the Plaintiff's claims against Ms. Green in her official capacity are due to be dismissed because they are barred by the Eleventh Amendment to the United States Constitution.

7. Although it is not clear, it appears from the Plaintiff's responsive pleading that she claims that Ms. Green committed the following acts: (1) Ms. Green would not let her use the phone or send letters; (2) Ms. Green kept the water turned off in Plaintiff's cell; (3) Ms. Green refused to bring Plaintiff breakfast on Christmas Day, and when Plaintiff started screaming at Ms. Green she was placed in the tank cell; (4) Ms. Green placed Plaintiff in the tank cell on one separate occasion, and refused to bring Plaintiff breakfast on three different occasions; and (5) that Ms. Green killed her unborn baby. (Doc. 49: pp. 7-8).

8. As best as it can be discerned from the Plaintiff's responsive pleading, the Plaintiff appears to allege a federal claim challenging the conditions of her confinement. Specifically, it appears that she claims that the conditions of her confinement were cruel and unusual.

9. Any claims against Ms. Green in her official capacity are due to be dismissed based on the Eleventh Amendment to the United States Constitution. The Eleventh Amendment unequivocally bars suits for money damages against a state by the citizens of that state, unless the state waives its Eleventh Amendment immunity or Congress abrogates the state's immunity. *Adams*, 111 F.Supp.2d at 1262. Furthermore, the Supreme Court has held that when inmates are challenging the conditions of their confinement in violation of the Eighth Amendment and Fourteenth Amendment, such lawsuits are barred by the Eleventh Amendment, unless the state has consented to the filing of such a suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

10. Here, any lawsuit against Ms. Green in her official capacity is "another way of pleading an action against an entity of which an officer is an agent. Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Therefore, the claims against Ms. Green in her official capacity merge into claims against the City of Montgomery. The City of Montgomery is a subdivision of the State of Alabama, which has not consented to nor waived its Eleventh Amendment immunity in claims for cruel and unusual conditions of confinement. Ala. Const. Art. I, § 14. Therefore, the Eleventh Amendment bars any claim against Ms. Green in her official capacity and should be dismissed.

## DEFENDANT'S ANSWER

COMES NOW the Defendant, Municipal Jail Guard Green, in her official capacity, herewith and states the following:

1. The Defendant denies all material allegations in Plaintiff's complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant denies that Plaintiff is entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

The Defendant pleads the general issue.

### THIRD AFFIRMATIVE DEFENSE

The Defendant denies all allegations not specifically admitted and demands strict proof thereof.

### FOURTH AFFIRMATIVE DEFENSE

Any of Plaintiff's state law claims are due to be dismissed in that no intentional tort claims are viable against a municipality. *ALA. Code* § 11-47-190 (1975, as amended).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state injury or damages proximately caused by this Defendant(s).

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action entitling Plaintiff to relief.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to meet the notice requirements set forth in *Ala. Code* §11-47-23 and §11-47-192 (1975, as amended).

### EIGHTH AFFIRMATIVE DEFENSE

The City denies that any deprivation of Plaintiff's Constitutional rights occurred.

## NINTH AFFIRMATIVE DEFENSE

The Defendant pleads sovereign or substantive immunity.

## TENTH AFFIRMATIVE DEFENSE

The Defendant pleads discretionary function immunity pursuant to *Ala. Code* § 6-5-338 (1975, as amended).

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant avers that there exists no direct action under 42 U.S.C. § 1983 under which Defendant can be liable, and Plaintiff's purported 42 U.S.C. § 1983 claim is due to be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant pleads that it is immune from punitive damages on both the federal and state law claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead immunity from punitive damages and plead Alabama's statutory cap on damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant pleads estoppel, waiver and laches.

## RESERVATION OF DEFENSES

The Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 22nd day of August, 2008.

/s/ Michael Boyle
Michael Boyle (BOY032)

City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama 36101-1111
Telephone: (334) 241-2050
Facsimile: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the following by electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 22nd day of August, 2008:

Karen Jayne Nordell
Senior Therapeutic Health Unit, Room 115
Dale Medical Center
126 Hospital Avenue
Ozark, Alabama 36360

And

Karen Jayne Nordell
Magnolia Wood Lodge
826 Park Street
Troy, AL 36081

/s/ Michael Boyle
OF COUNSEL