IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAREN JAYNE NORDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-1007-MHT |
| | ) | |
| H.G. WELLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed November 27, 2007). Previously the Court dismissed several defendants and numerous claims pursuant to 28 U.S.C. § 1915. The Defendants that remain are Alabama Police Officer H.G. Wells, Municipal Jail Guard A.C. Heard, and Municipal Jail Guard Green. The claims left pertain to the events leading to Nordell's arrest, the allegation of false arrest, and the allegations relating to her confinement. Now pending before the Court is *Defendant's Motion to Dismiss* (Doc. 59, filed August 22, 2008).[1] For good cause herein shown, it is the recommendation of the Magistrate Judge that the Court dismiss Defendants H.G. Wells A.C. Heard in both their official and individual capacities and Defendant Green in her individual capacity for failure to perfect service. It is

---

[1]       Defendant Green docketed an identical document as two separate documents. *See* Docs. 59 and 60. Thus, the Court will address them as a single motion.

also the recommendation of the Magistrate Judge that the Court DENY the motion to dismiss.

## I. BACKGROUND AND MOTION TO DISMISS

Plaintiff Karen Jayne Nordell ("Nordell" or "Plaintiff") is a resident of Troy in Pike County, Alabama which is located within the Middle District of Alabama. On November 16, 2007, Nordell initiated this action by filing a Complaint and several motions. The Court denied Plaintiff's request to appoint counsel, but granted her motion to proceed *in forma pauperis*. *See* Docs. 4-5. Further, the Court set a hearing on Nordell's complaint because her handwritten complaint is mostly illegible. *See* Docs. 6, 9. The Court discerned from the hearing on January 11, 2008 that the gist of Nordell's allegations - as best can be discerned from verbiage which lacks clarity, to be charitable - is a complaint that Defendants wrongfully evicted Nordell and are participating in an ongoing conspiracy to deprive her of constitutional rights. Nordell originally listed a number of defendants and claims. On March 4, 2008, the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed all the claims except the claims pertaining to the events leading to Nordell's arrest, the allegation of false arrest, and the allegations relating to the condition of her confinement. The remaining defendants are Defendants H.G. Wells, Municipal Jail Guard A.C. Heard, and Municipal Jail Guard Green. As best the Court can discern, Nordell brings claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments. She seeks a $20 million dollar judgment against the Municipal Jail Guards and a $20 million dollar judgment against Wells. *See* Doc. 1 at p. 2.

Defendant Green asserts that Nordell only seeks liability against her in her individual capacity and therefore her claims are due dismissal.  She further asserts that even if Plaintiff asserts claims in her official capacity, they are also due dismissal because they are barred by the Eleventh Amendment to the United States.  The Court therefore assumes Defendant Green asserts its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief could be granted.

## II.  FAILURE TO SERVE

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve a summons and complaint to all defendants within 120 days after the complaint is filed.  FED. R. CIV. P. 4(m).  Specifically it states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*.  Thus, failure to effect service within 120 days of filing the complaint mandates dismissal of those who have not been properly served unless an extension is given.  *Id*.; *see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (When a plaintiff fails to perfect service of process within the 120-day period, the court may dismiss the action or grant an extension of time to serve process for either "good cause" or another sufficient ground unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period.).

On August 5, 2008, the Court ordered Nordell to show cause before August 25, 2008 why Defendants Wells, Heard, and Green (in her individual capacity only)[2] should not be dismissed because of Nordell's failure to perfect service. *See* Doc. 56. Nordell filed a response on August 19, 2008. *See* Doc. 58. In her response Nordell states that Wells and Heard are real persons, but fails to provide any basis as to why she failed to comply with the Federal Rule of Civil Procedure 4. Nordell does not produce any evidence that she has properly served the above parties.

This action was filed on November 16, 2007. *See* Doc. 1. The Court granted Nordell's motion to proceed *in forma pauperis* on November 29, 2007, but stayed the case pending a review of the claims under 28 U.S.C. § 1915(e)(2)(B). On March 4, 2008, the District Court adopted the January 25, 2008 Report and Recommendation and summons were issued on that date. Thus, based on the above, the 120 day requirement for proper service has long since passed. While a plaintiff may request an extension of time for service of process, Nordell failed to allege the existence of good cause warranting an extension of time for service. Rather, Nordell simply focuses on the "necessity" of these defendants. Consequently, Defendant Green is due to be dismissed in her individual capacity and Defendants H.G. Wells and A.C. Heard are due to be dismissed in both their official and individual capacities. As

---

[2]     Green has not been properly served in her individual capacity under FED. R. CIV. P. 4(e). Proper service on Green may be effected by (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See* FED. R. CIV. P. 4(e)(2).

Nordell's claims relating to the events leading up to her arrest and the allegation of false arrest pertain solely to Officer H.G. Wells, these Fourth Amendment claims are also dismissed.

### III.   STANDARD OF REVIEW UNDER RULE 12(B)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)

(conclusory allegations and unwarranted deductions of fact are not admitted as true).[3]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, --- U.S. ---, 127 S.Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does

---

[3]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient

pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*,

132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## IV.   REMAINING CLAIMS AGAINST GREEN

Defendant Green asserts in her motion to dismiss that Nordell only seeks liability

against her in her individual capacity; however, in Nordell's response she clearly states the

claims against Green are brought in both her individual and official capacity.  *See* Doc. 66 at

p. 1.  Thus the court must, for the purposes of a motion to dismiss, construe the situation in

favor of the non-movant plaintiff.  Therefore, the Court will look to claims against Green in

her official capacity.

The Court must isolate the precise constitutional violations alleged against Green.  *See*

*Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989).  If a

constitutional claim is covered by a specific constitutional provision, then the Court must

analyze the claim under the standard appropriate to that specific provision. *Graham*, 490 U.S.

at 394, 109 S.Ct. at 1870-71; *Raspberry v. Johnson*, 88 F.Supp.2d 1319, 1328-29 (M.D. Ala.

2000).  However, it is unclear from the Complaint under which amendment Nordell attempts

to bring her claims.  Generally, the types of allegations asserted against Green are brought

under the Eighth and/or Fourteenth Amendments of the Constitution.

From the factual allegations, the Court concludes Nordell was a pretrial detainee since

it does not appear she was convicted of any crime.[4]   Consequently, the Eighth Amendment

does not apply because it was designed to protect those convicted of crimes.  *Whitley v.*

*Albers*, 475 U.S. 312, 318, 106 S.Ct. 1078, 1083-84, 89 L.Ed.2d 251 (1986); *Lumley v. City*

*of Dade City, Fla.*, 327 F.3d 1186, 1196 (11th Cir. 2003).  Consequently, the Court reviews

Nordell's § 1983 claims under the Fourteenth Amendment standard.

## V.   ANALYSIS

Pursuant to the Fourteenth Amendment, a pretrial detainee can allege that a defendant

was deliberately indifferent to a plaintiff's medical needs, *Hamm v. DeKalb County*, 774 F.2d

1567 (11th Cir. 1985), challenge the conditions of her confinement, *Magluta v. Samples*, 375

F.3d 1269 (11th Cir. 2004), or state a claim of excessive force, *Bozeman v, Orum*, 422 F.3d

1265 (11th Cir. 2005).  It appears from the complaint that Nordell asserts all three types of

complaints under the Fourteenth Amendment against Green in her official capacity.

To the extent Nordell sues Green in her official capacity, she has essentially sued the

City of Montgomery.  *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87

L.Ed.2d 114 (1985) (Official capacity lawsuits for damages are, "in all respects other than

name, ... treated as a suit against the entity."); *see also Busby v. City of Orlando*, 931 F.2d

764, 776 (11th Cir. 1991) ("[S]uits against municipal officers are therefore, in actuality, suits

---

[4]      As the Fourth Amendment claims relating to arrest were dismissed, the sole
remaining allegations are those pertaining to the conditions of confinement - i.e. all events took
place after the arresting officer had turned Nordell over to Jail officials.  As a pretrial detainee,
Nordell's claims are governed by the Fourteenth Amendment and not the Fourth Amendment.
*Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

directly against the city that the officer represents."); *Thornton v. City of Montgomery*, 78

F.Supp.2d 1218, 1231 (M.D. Ala. 1999) (quoting *Kentucky*).

In the motion to dismiss, Defendant states Green, in her official capacity, is entitled to

Eleventh Amendment immunity because the City of Montgomery would be entitled to

immunity. *See* Doc. 59 at p. 3. The Eleventh Amendment provides that "[t]he judicial power

of the United States shall not be construed to extend to any suit in law or equity, commenced

or prosecuted against one of the United States by citizens of another state, or by citizens or

subjects of any foreign state." *See also Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506

(M.D. Ala. 1996) (citing Eleventh Amendment). In other words, "the Eleventh Amendment

unequivocally bars suits for money damages against a state by the citizens of that state, unless

the state consents to suit or specifically waives its Eleventh Amendment immunity."

*Raspberry*, 88 F.Supp.2d at 1324-25 (citing *Pennhurst States School and Hosp. v. Halderman*,

465 U.S. 89, 98-100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). However, while immunity

extends to state agencies, it generally does not extend to independent entities such as

municipalities. *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n*, 226

F.3d 1226, 1231 (11th Cir. 2000) (citing *Tuveson v. Florida Governor's Council on Indian

Affairs, Inc.*, 734 F.2d 730, 732 (11th Cir. 1984); *see also Green v. City of Bessemer,

Alabama*, 202 F.Supp.2d 1272, 1274 (N.D. Ala. 2002) ("municipalities enjoy no sovereign

immunity under the Eleventh Amendment."); *Richards v. Southeast Alabama Youth Services

Diversion Center*, 105 F.Supp.2d 1268, 1273 (M.D. Ala. 2000) ("Eleventh Amendment does

not typically apply to political subdivisions such as municipalities.").

Beyond the conclusory statement that the Eleventh Amendment bars the official capacity claims, Defendant offers no support as to how or why Eleventh Amendment immunity prevents Nordell's claims.  Thus, the Court rejects the City's general assertion of immunity.[5]

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

(1)     Defendant H.G. Wells and Defendant A.C. Heard be dismissed in both their official and individual capacities as they have not been properly served within 120 days of the commencement of this action.

(2)     Defendant Green be dismissed in her individual capacity as she has not been properly served within 120 days of the commencement of this action.

(3)     The *Motion to Dismiss* (Doc. 59) be **DENIED**.

**IT IS FURTHER ORDERED** that the parties file any objections to the this Recommendation on or before **November 19, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

---

[5]     The Court notes there is a question whether Nordell can sustain her claims against Green in her official capacity since there is no *respondeat superior* for § 1983 claims. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1290 (11th Cir. 2004).  However, the Court does not address that here in a Rule 12(b)(6) situation.  Rather, the Court will enter a separate show cause order on that matter pursuant to its ongoing review as required under 28 U.S.C. § 1915.

objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  **Additionally, any objections must either be typed or printed handwriting legible to the Court.  Any objections that are illegible or otherwise unclear shall be disregarded by the Court**.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of November, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE